**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND MONTES, | Case Nos. 2:14-CR-00684-CAS - 11 |
| Petitioner, | |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION & BACKGROUND

On April 7, 2017, Raymond Montes pled guilty pursuant to a written plea agreement to count one of the indictment in this case which charged Montes with racketeering conspiracy in violation of 18 U.S.C. § 1962(d). Dkt. 1103. On June 29, 2018, the Court sentenced Montes to 60 months in prison, followed by three years of supervised release. Dkt. 1168. Montes represents that his release date is February 29, 2020. Dkt. 1429.

On October 18, 2018, Montes filed a request for this Court to issue an order recommending to the Bureau of Prisons ("BOP") that he be placed in a residential reentry

center ("RRC") for the final twelve months of his sentence pursuant to 18 U.S.C. § 3624(c)(1). Dkt. 1429 ("Mot."). On October 29, 2018, the government filed an opposition to Montes's request. Dkt. 1432 ("Opp'n"). Montes did not file a reply.

## II. DISCUSSION

A sentencing court may make a recommendation to the BOP that a prisoner serve a term of imprisonment in an RRC, but such a recommendation has no "binding effect" on the BOP to determine a prisoner's placement. 18 U.S.C. § 3621(b).

Montes represents that he has completed the in-patient portion of the BOP's Residential Drug Abuse Program ("RDAP") program, and that although he was precluded from the one year early release incentive for RDAP as a result of the nature of his conviction, he completed RDAP to become a better father to his son and two daughters. Mot. at 3. Montes represents that he has remained incident-free at Phoenix FCI and that he has taken many classes covering parenting skills, GED preparation, and other skills. Id. Montes believes he needs the RRC placement so that he can have extra time and resources to build a home for himself and his family. Id. at 4. Montes attaches a copy of his transcript listing the courses he has taken while incarcerated, as well as a certificate marking his completion of the residential portion of RDAP. Id. at 5, 6.

The government opposes Montes's request. The government first argues that this Court lacks jurisdiction to modify its sentencing order. Opp'n at 4. However, Montes does not seek to modify the Court's sentencing order, but rather requests that this Court recommend to the BOP that Montes be placed in an RRC. Mot. at 1. District courts retain the authority to make, or decline to make, non-binding recommendations to the BOP at any time. See United States v. Ceballos, 671 F.3d 852, 856 n.2 (9th Cir. 2011). See also United States v. Hoffman, No. 2:15-cr-00234-JAM-1, 2018 WL 6634378 (E.D. Cal. Dec. 19, 2018) (agreeing with the "majority position" that a Court "may issue a non-binding recommendation that Defendant be placed in a RRC without running afoul of the limitations on sentence modification contained in 18 U.S.C. § 3582 and Federal Rules of Criminal Procedure 35 and 36).

-2-

The government then contends that Montes' request is moot because the Court has already recommended participation in RDAP when imposing his sentence. Dkt. 1167 at 1, 4; Dkt. 1168 at 3. This argument is also unavailing because the Court's recommendation to place Montes in the BOP's 500-hour Drug and Alcohol Program differs from his instant request for RRC placement.

Next, the government appears to argue that Montes is not eligible for placement in an RRC because he admitted in his plea agreement that he committed crimes of violence, see Opp'n at 6, and that Montes is not deserving of any additional relief because he was an active participant in the conspiracy's violent crimes, id. at 7. Although Montes notes that he was precluded from the one-year early release incentive for participation in RDAP due to the nature of his current conviction, the government again appears to be mischaracterizing Montes's request. While 18 U.S.C. § 3621(e)(2) provides that only nonviolent offenders are eligible for the one-year early release incentive for participation in RDAP, Montes's requested placement in an RRC to prepare for reentry into a community does not exclude violent offenders:

> [The BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

Based on Montes's representations that he has remained incident-free during his imprisonment, has completed RDAP to the extent he is allowed, and has taken multiple courses to prepare himself for successful reentry, Montes appears to be an appropriate candidate for RRC placement. To the extent Montes's representations are accurate and the BOP deems such placement to be appropriate, the Court recommends that Montes be placed in a residential reentry center for the twelve months prior to his release.

### III. CONCLUSION

Accordingly, the Court **GRANTS** Montes's motion for judicial recommendation and the Court recommends that the BOP place Montes in an appropriate RRC for the maximum time that he is eligible.

**IT IS SO ORDERED.**

DATED: January 4, 2019

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE